FRUGÉ, Judge.
This is an appeal from a judgment dismissing plaintiff’s workmen’s compensation suit against Acadian Pulpwood Corporation for lack of an employee relationship with that defendant. We affirm.
Plaintiff, Mrs. Gladys Buxton, worked with her husband hauling pulpwood. She was struck on the head by a limb and injured while engaging in that pursuit. She contends she was an employee of Acadian Pulpwood Corporation.
Acadian Pulpwood Corporation denied this relationship, as well as an employee status with Mr. Buxton, and insists that they were independent contractors and that the only relationship between them was a buyer-seller relationship.
*262 It is clear that Mr. Buxton signed a card with defendant which clearly indicates that he was not an employee of that company and that their relationship was that of buyer-seller. Against the proposition of plaintiff that this card did not positively disclaim workmen’s compensation and that Mr. Buxton was otherwise led to believe that Mr. Buxton was covered by workmen’s compensation, we have the testimony of Mr. Kessler, ex-employee of the defendant, and another employee of the defendant.
Mr. Kessler affirmatively testified that he remembered when Mr. Buxton signed the card and that Mr. Buxton understood the arrangement to be a buyer-seller agreement. Mr. Kessler further described the arrangement in detail. From this description, it is evident that the arrangement was a buyer-seller agreement.
Mr. Kessler’s testimony is substantiated by the testimony of Mr. Tayo Guillory, a regular employee on defendant’s Easton yard. He was paid on an hourly scale. There is no doubt that he was an employee. He testified Mr. Buxton, as well as a number of other haulers, were not employees. He witnessed Mr. Buxton’s signing of the card. He too described in detail the working arrangement in a form descriptive of the buyer-seller arrangement.
Appellant contends that the arrangement was not a buyer-seller arrangement because (1) he did not buy any wood from any landowner; (2) he was shown what wood to cut by Cloud or Ware, the buyers, or Kessler, defendant’s manager; (3) he was never paid by Cloud or Ware, but by the defendant’s bookkeeper; and lastly (4) the landowners were paid for the wood directly by defendant.
The testimony established that Cloud and Ware were buyers and did not work for the defendant. They and the landowners were paid by defendant because of a custom of the pulpwood business.
Mr. Buxton contends that the purchasing arrangement he had with the defendant for a truck and saw was evidence of his employment relationship. He insists that because of this purchasing agreement, he was required to deliver wood to the Acadian Pulpwood yard, otherwise, he could not use the truck and saw. He was told that he had to quit delivering to other yards otherwise he would lose the truck and saw. It is obvious if such instructions were given that defendant only wanted more of Mr. Buxton’s business. The truck arrangement was an incentive.
However, Mr. Buxton admitted that he disregarded these instructions and hauled wood to other wood yards. Also, there is no evidence that such threats were carried out. All of this is insufficient to establish an employee relationship between defendant and Mr. Buxton. In addition, Mr. Buxton’s own testimony refutes the existence of that relationship. He testified that he was not paid an hourly or weekly wage but was paid by the cord delivered, that no income tax or social security was withheld from his checks. Acadian Pulpwood Corporation did not tell him when to start or stop cutting wood or how to cut wood or how much wood to cut nor required him to cut on any particular number of days a week.
We conclude that the evidence clearly refutes the existence of an employee relationship between Mr. and Mrs. Buxton and Acadian Pulpwood Corporation.
For the foregoing reasons, the judgment appealed from is affirmed. The appellant to pay the costs of this appeal.
Affirmed.